UNITED STATES DISTRICT COURT

ORIGINAL

DISTRICT OF MINNESOTA

Civil File No. 01-1992 DSD/SRN

MINNEAPOLIS PAINTING INDUSTRY HEALTH & WELFARE FUND, MINNEAPOLIS LOCAL 386 DRYWALL FINISHING INDUSTRY PENSION FUND, MINNEAPOLIS PAINTING INDUSTRY PENSION FUND, MINNEAPOLIS PAINTING INDUSTRY VACATION AND HOLIDAY FUND, MINNESOTA PUBLIC RELATIONS AND APPRENTICESHIP TRAINING FUND,

Plaintiffs,

vs.

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER FOR DEFAULT JUDGMENT**

DANA GLOEGE, d/b/a GLOEGE AND SONS PAINTING, and individually,

Defendant.

This matter was heard before the undersigned on the 15th day of February, 2002. Pamela Hodges Nissen of McGrann Shea Anderson Carnival Straughn & Lamb, Chartered, appeared for and on behalf of the Plaintiffs. There was no appearance on behalf of the Defendant.

## FINDINGS OF FACT

1. Plaintiffs filed a Summons and Complaint in this matter on November 1, 2001.

2. Defendant Dana Gloege, d/b/a Gloege and Sons Painting was personally served with a Summons and Complaint in this matter on November 1, 2001.

3. Defendant has failed to file and serve a response or Answer to the Summons and Complaint.

FEB 1 5 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD FEB 1 5 2002
DEPUTY CLERK

4. Plaintiffs are joint fringe benefit trust funds (the "Funds") which are multi-employer plans as defined by 29 U.S.C. § 1002(37). They are established to provide, among other things, pension, vacation, health and welfare benefits to employees doing painters work in the construction trades, and are maintained for the benefit of workers pursuant to collective bargaining agreements. All contributions must be made and all reports must be submitted to Wilson-McShane Corporation, 2850 Metro Drive, Suite 404, Bloomington, MN 55425, as the administrative agent designated by the Trustees.

5. Defendant accepted and agreed to be bound by a Collective Bargaining Agreement (hereinafter "Bargaining Agreement") with the Painters and Allied Trades District Council No. 82. The Bargaining Agreement obligates Defendant, as an employer, to compute the contribution for each employee, submit that information on a report form, and pay those contributions to the Funds' Agent on or before the 15th day of the month following the month for which the contribution is being made.

6. Defendant failed to submit report forms or pay contributions for the months of August, September, October, November, and December 2001.

7. The Bargaining Agreement provides that Defendant pay liquidated damages of 10% of delinquent contributions.

8. The Bargaining Agreement and Section 502(g)(2) of ERISA (29 U.S.C. § 1132(g)(2)) further provides that Plaintiffs are entitled to their reasonable attorney fees and costs of this action.

## CONCLUSIONS OF LAW

1. Defendant is in default, and Plaintiffs are entitled to Default Judgment.

2. Defendant must submit payroll report forms and pay the contributions for all months for which Defendant is delinquent.

3. Defendant owes additional amounts for liquidated damages and attorney fees and costs.

## ORDER

**IT IS ORDERED**:

1. That Plaintiffs' motion for default judgment is granted.

2. That Defendant file reports for August, September, October, November, and December 2001 if those have not already been submitted, at the offices of Wilson-McShane Corporation, 2850 Metro Drive, Suite 404, Bloomington, MN 55425, correctly identifying hours worked by painters and the last known addresses of its employees pursuant to the Collective Bargaining Agreement within 5 days of service of this Order upon them.

3. That Defendant pay the contributions of all of the hours reported pursuant to the Court's order plus liquidated damages in the amount of 10% of the delinquent contributions and Plaintiffs' attorney fees and costs.

4. That upon the filing of the reports by Defendant with Plaintiffs pursuant to this Order, if Defendant fails to make payments required by this Order, the Plaintiffs may move the Court for entry of judgment in the amount of unpaid contributions, liquidated damages,

and attorney fees and costs as shown by Affidavit filed with the Court, and the Court shall enter judgment ten days after service of the motion and Affidavit on Defendant.

**IT IS SO ORDERED.**

Dated: 2/15/02

BY THE COURT

David S. Doty
United States District Court Judge