ORIGINAL

UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

Civil File No. 01-1992 DSD/SRN

MINNEAPOLIS PAINTING INDUSTRY HEALTH & WELFARE FUND, MINNEAPOLIS LOCAL 386 DRYWALL FINISHING INDUSTRY PENSION FUND, MINNEAPOLIS PAINTING INDUSTRY PENSION FUND, MINNEAPOLIS PAINTING INDUSTRY VACATION AND HOLIDAY FUND, MINNESOTA PUBLIC RELATIONS AND APPRENTICESHIP TRAINING FUND,

Plaintiffs,

vs.

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER FOR ENTRY OF DEFAULT MONEY JUDGMENT**

DANA GLOEGE, d/b/a GLOEGE AND SONS PAINTING, and individually,

Defendant.

This matter was heard before the undersigned on the 21st day of June 2002. Pamela Hodges Nissen of McGrann Shea Anderson Carnival Straughn & Lamb, Chartered, appeared for and on behalf of Plaintiffs. There was no appearance on behalf of Defendant.

## FINDINGS OF FACT

1. Plaintiffs filed a Summons and Complaint in this matter on November 1, 2001.

2. Defendant was served a Summons and Complaint in this matter on November 1, 2001.

FILED 6-21-02
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD 6-21-02
DEPUTY CLERK

3. Defendant failed to file and serve an Answer to the Summons and Complaint, and this Court entered judgment on February 15, 2002, finding Defendant in Default and ordering Defendant to provide all delinquent fringe fund report forms and pay all amounts due.

4. Defendant failed to comply with the February 15, 2002 Order, in as much as it failed submit the monthly fringe fund reports for the months of October 2001 through April 2002.

5. After Defendant failed to comply with the Order, Plaintiffs filed a Motion Seeking an Order to Show Cause on March 28, 2002. The hearing was set for May 3, 2002. There was no appearance on the behalf of Defendant.

6. Subsequent to the contempt hearing on May 3, 2002, Defendant produced the requested reports, but failed to submit payment for fringe benefit contributions and the additional amounts owing per those reports.

7. Plaintiffs determined a total of $11,695.80 was past due and owing for fringe benefit contributions for the months of October 2001 through February 2002. In its reports Defendant indicated it did not employ any individual during March and April 2002.

8. Plaintiffs also determined $1,196.58 was due for liquidated damages.

9. Plaintiffs have incurred $2,035.00 in attorney fees and $548.68 in costs. Such fees and costs were reasonable and necessary for the prosecution of Plaintiffs' claim.

## CONCLUSIONS OF LAW

1. Defendant is in default, and Plaintiffs are entitled to a default money judgment.

2. Defendant owes $11,695.80 for fringe benefit contributions and $1,169.58 for liquidated damages.

3. Defendant owes $2,583.68 for attorney fees and costs.

## ORDER

**IT IS ORDERED**:

1. That Plaintiffs' motion for a money judgment is granted.

2. That Plaintiffs shall collectively have judgment against Defendant in the amount of $15,449.06.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: June 21, 2002

BY THE COURT

The Honorable David S. Doty
United States District Court Judge