**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

MINNEAPOLIS PAINTING INDUSTRY HEALTH & WELFARE FUND, MINNEAPOLIS LOCAL 386 DRYWALL FINISHING INDUSTRY PENSION FUND, MINNEAPOLIS PAINTING INDUSTRY PENSION FUND, MINNEAPOLIS PAINTING INDUSTRY VACATION AND HOLIDAY FUND, MINNESOTA PUBLIC RELATIONS AND APPRENTICESHIP TRAINING FUND,

Plaintiffs,

vs.

DANA GLOEGE, d/b/a GLOEGE AND SONS PAINTING, and individually,

Defendants.

Civil File No. 01-CV-1992 DSD/SRN

**MEMORANDUM IN SUPPORT OF MOTION TO COMPEL ATTENDANCE AT DEPOSITION**

**STATEMENT OF FACTS**

The Plaintiffs are multi-employer, fringe benefit plans, established to provide benefits to employees performing painting work in the construction trades ("Funds"). Defendant Dana Gloege is an individual doing business as Gloege and Sons. ("Defendants") accepted and agreed to be bound by a certain Collective Bargaining Agreement ("CBA") with the Minnesota Painting and Wallcovering Employers Association and the Brotherhood of Painters and Allied Trades, Local Union No. 386.

Plaintiffs obtained a judgment against the Defendants which was entered by the Court on June 21, 2002. Following the entry of Judgment on June 21, 2002, and pursuant to Federal Rules of Civil Procedure Rules 69 and 30, Plaintiffs attempted to take post-judgment discovery and depose Dana Gloege, an individual doing business

as Gloege and Sons Painting, to ascertain the amount and location of any assets owned by the Defendants that could be used to satisfy Plaintiffs' outstanding Judgment. Affidavit of Amy L. Court ("Court Aff."), ¶ 4.

Plaintiffs served Mr. Gloege by U.S. Mail on December 31, 2003, with a Notice of Deposition to be held on January 22, 2004. *Id.* at ¶ 5, Ex. A. Mr. Gloege failed to appear at the deposition as scheduled, and failed to contact Plaintiffs to notify them of his absence or to reschedule. *Id*. at ¶ 6. Plaintiffs contacted Mr. Gloege and agreed to re-schedule his deposition for February 2, 2004. *Id.* at ¶ 7. Plaintiffs again served Mr. Gloege by U.S. Mail on January 26, 2004, with an Amended Notice of Deposition to be held on February 2, 2004. *Id.* at ¶ 8. Mr. Gloege again failed to appear at the deposition as scheduled, and failed to contact Plaintiffs to notify them of his absence or to reschedule. *Id.* at ¶ 9.

As a result of Mr. Gloege's absence, Plaintiffs have been unable to obtain the information as to the location of any assets owned by the Defendants that could be used to satisfy Plaintiffs' outstanding Judgment. *Id*. at ¶ 10.

To date, Mr. Gloege has not contacted Plaintiffs or Plaintiffs' counsel to reschedule the deposition. *Id.* at ¶ 12.

## ARGUMENT

The purpose of discovery is to allow a party to prepare and present his or her case. 23 Am. Jur. 2d Depositions and Discovery, § 1 (2004). The Supreme Court has held that "mutual knowledge of all of the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession." *Hickman v. Taylor*, 329 U.S. 495, 506, 67

S.Ct. 385, 392 (1947). Federal Rules of Civil Procedure Rule 69 allows post-judgment discovery “in the manner provided in these rules” Fed.R.Civ.P. Rule 69. A deposition of a defendant, upon oral testimony, is allowed by these Federal Procedural Rules. Fed.R.Civ.P. Rule 30(a)(1). Minnesota Courts broadly construe the availability of discovery rules in general; “[a] plain reading of Rule 69 shows that the judgment creditor may obtain discovery from any person in the manner provided in the rules, ‘in aid of judgment or execution.’” *Anchor Gas, Inc. v. Border Black Top, Inc.*, 381 N.W.2d 96, 98 (Minn. App. 1986) (*citing* Minn.R.Civ.Pro. 69).

Plaintiffs are seeking the attendance of Mr. Gloege at a deposition to secure the location and amount of Defendants’ assets with which to satisfy Plaintiffs outstanding Judgment against Defendants. The information sought by Plaintiffs is most likely not attainable through written means, but rather, will only be made available through the verbal questioning format afforded by oral depositions. The information the Plaintiffs intend to seek at the deposition is only that information necessary to assist with the identification, location, and value of assets, as well as information relating to the financial status of the Defendants. *See* Court Aff. ¶ 11.

**CONCLUSION**

The deposition was properly noticed under Federal Rule of Civil Procedure 30 (b). There is no vagueness or imprecision in the Notice and the deposition clearly seeks information relevant to this lawsuit. Defendant failed to appear and never communicated to Plaintiffs that he would not appear. Plaintiffs respectfully request that Mr. Gloege be ordered to appear at a deposition on October 6, 2004 at 10:00 a.m. as set forth in the proposed Order.

Date: August 9, 2004

McGRANN SHEA ANDERSON CARNIVAL
STRAUGHN & LAMB, CHARTERED

By s/ Amy L. Court

Pamela Hodges Nissen
Atty. Reg. No. 259810
Amy L. Court
Atty. Reg. No. 319004
800 Nicollet Mall, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 338-2525

*Attorneys for Plaintiffs*

173519.DOC